DJW/2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **FRED WILLIAMS, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **Case No: 08-2620-CM-DJW** |
| **K&G FASHION SUPERSTORE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint (doc. 13). The Motion is fully briefed and is therefore ripe for consideration. For the reasons set forth below, the Motion is granted.

## I. BACKGROUND

Plaintiffs seek leave to amend their original Complaint (doc. 1) to (1) correct typographical errors in the original Complaint, (2) correct the name of the city in which the Defendant's store at 75th and Quivira was located, (3) correct the wording in paragraph 12 of the original Complaint of a statement made by a management employee, and (4) clarify the basis for the Plaintiffs' claim for punitive damages by adding the following language to the original Complaint:

> The corporate management tolerated a pattern and practice of creating a racially hostile work environment at the K&G stores, and exhibited a conscious and reckless disregard for the rights of the Plaintiffs. The failure of Defendant's corporate management to resolve issues at the K&G stores resulted in a ratification of the creation of a racially hostile work environment at the K&G stores.[1]

[1] Mot. for Leave to File First Am. Compl. (doc. 13) at ¶ 4; Proposed First Am. Compl. (attached to the Mot. for Leave to File First Am. Compl.) at ¶ 16.

Defendant has no objection to the first three requested changes: (1) to correct typographical errors, (2) to correct the city name, and (3) to correct the wording in paragraph 12 of the original Complaint.[2] However, Defendant does object to Plaintiffs' clarification of the basis for their claim for punitive damages on the grounds that this clarification actually "adds a new 'pattern and practice' claim that could change the entire landscape of this lawsuit."[3]

## II. STANDARD

Fed. R. Civ. P. 15(a)(2) provides that once a responsive pleading has been filed "a party may amend its pleading only with the opposing party's written consent or the court's leave."[4] Fed. R. Civ. P. 15(a)(2) also provides that "[t]he court should freely give leave when justice so requires,"[5] and the Supreme Court has held that "this mandate is to be heeded."[6] The decision to allow a proposed amendment rests within the sound discretion of the court.[7] "In exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."[8]

---

[2] *See* Def.'s Mem. in Opp'n to Pls.' Mot. for Leave to File First Am. Compl. (doc. 14) at 1.

[3] *Id.*

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Id.*

[6] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted).

[7] *See Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494-95 (10th Cir. 1995).

[8] *Rural Water Dist. No. 4, Douglas County v. City of Eudora, Kan.*, Civ. A. No. 07-2463-JAR, 2008 WL 1867984, at *4 (D. Kan. April 24, 2008) (citations omitted); *see Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) ("The purpose of [Fed. R. Civ. P. 15] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'") (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.
(continued...)

Leave to amend may be denied when the court finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[9] Defendant opposes Plaintiffs' Motion on the grounds of undue delay. The Tenth Circuit has stated that emphasis is on the adjective "undue" and, thus, "[l]ateness does not of itself justify the denial of the amendment."[10] However, the longer the delay in filing the motion to amend, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."[11]

In determining whether undue delay exists, the Tenth Circuit "focuses primarily on the reasons for the delay."[12] Thus, the Court may refuse leave to amend where the movant has delayed in bringing the motion to amend and the movant fails to provide an adequate explanation for the delay.[13] In addition, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original

---

[8](...continued)
1982)).

[9] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

[10] *Minter*, 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)) (internal quotations omitted).

[11] *Id.* (quotation and citation omitted).

[12] *Id.*, at 1206.

[13] *See Panis*, 60 F.3d at 1494-95; *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

complaint, the motion to amend is subject to denial."[14] Because Plaintiffs filed their Motion before the deadline set forth in the scheduling order for such motions, the Court need not determine whether Plaintiffs are required to show "good cause" why the deadline should be extended under Fed. R. Civ. P. 16(b).[15]

## III. ANALYSIS

Under Fed. R. Civ. P. 15(a)(2), Plaintiffs may amend their Complaint with Defendant's written consent. Defendant states in its response to Plaintiffs' Motion that it does not object to the following amendments proposed by Plaintiffs: (1) corrections of typographical errors, (2) correction of the name of the city in which the Defendant's store at 75th and Quivira was located, and (3) correction of the wording in paragraph 12 of the original Complaint of a statement made by a management employee.[16] Accordingly, the Court finds that this portion of Plaintiffs' Motion should be granted as unopposed.

Defendant does, however, oppose Plaintiffs' proposed amendment regarding clarification of Plaintiffs' claim for punitive damages. Defendant argues that Plaintiffs' clarification is actually an addition of a "new 'pattern and practice' claim that could change the entire landscape of this lawsuit."[17] Defendant argues that Plaintiffs' proposed amendment is untimely because Plaintiffs have provided no reason or justification for their Motion. According to Defendant, while the parties

---

[14] *Pallottino*, 31 F.3d at 1027 (quotation and citation omitted); *see Steinert v. Winn Group, Inc.*, 190 F.R.D. 680, 684 (D. Kan. 2000) (citation omitted).

[15] *See Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 508 (D. Kan. 1998) (citations omitted).

[16] *See* Def.'s Mem. in Opp'n to Pls.' Mot. for Leave to File First Am. Compl. (doc. 14) at 1.

[17] *Id.*

have exchanged discovery requests, at the time Plaintiffs filed their Motion, neither side had responded to the discovery requests. Thus, Defendant argues that it has not given Plaintiffs any new information that would provide Plaintiffs with a basis for amending the original Complaint. Essentially, Defendant argues that any information Plaintiffs had that allegedly supports their new "pattern and practice" allegation was known or should have been known at the time Plaintiffs filed their original Complaint. Finally, Defendant argues that the proposed amendment to "clarify" Plaintiffs' claim for punitive damages is not necessary because Defendant has never challenged whether Plaintiffs properly pled a claim for punitive damages in its original Complaint.

In support of their Motion, Plaintiffs argue that they have in fact learned of new information since the filing of their original Complaint which requires this amendment. Plaintiffs explain that "the proposed amendment is based upon [] Plaintiffs' counsel['s] continued research into liability issues in this case, as well as further interviews with witnesses."[18] Plaintiffs also argue that even though Defendant states that it has never challenged whether Plaintiffs properly pled a claim for punitive damages in the original Complaint, "Plaintiffs believe that the proposed amendment is appropriate out of an abundance of caution."[19]

Having considered the parties' arguments, the Court declines to deny the Motion on the grounds of undue delay. The deadline to file motions for leave to amend pleadings was April 15, 2009.[20] Plaintiffs timely filed their Motion on April 15, 2009. Further, Plaintiffs provided an adequate explanation for the delay in seeking to amend their original Complaint to clarify their basis

---

[18] Pls.' Reply Br. in Supp. of Their Mot. for Leave to File First Am. Compl. (doc. 15) at ¶ 3.

[19] *Id.* at ¶ 5.

[20] *See* Scheduling Order (doc. 9) at 9.

for punitive damages and plead the "pattern and practice" of misconduct at Defendant's stores - Plaintiffs' counsel's additional research into liability issues and interviews with witnesses revealed the need for the proposed amendment. There is nothing to indicate that Plaintiffs unduly delayed in seeking leave to amend their original Complaint. Accordingly, the Court finds that the Motion should be granted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint (doc. 13) is granted. Within **ten (10) days** of the date of filing of this Memorandum and Order, Plaintiffs shall file and serve their First Amended Complaint.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 4th day of June 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties